RECEIVED
AUG - 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Roy Thibodeaux | Civil Action 03-1883 |
| versus | Judge Tucker L. Melançon |
| Vamos Oil & Gas Co., et al | Magistrate Judge C. Michael Hill |

## JUDGMENT

Before the Court is a Motion for Reconsideration and/or Motion For Relief From Order [Rec. Doc. 113], in which Maxum Services, Inc. moves the Court to reconsider its July 14, 2005 judgment granting Drilling Productivity Realized International, LLC d/b/a Axxis Drilling's motion for summary judgment.

A motion to reconsider a dispositive pretrial motion is analogous to a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), when it is served within ten (10) days of the Court's ruling. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990). Because defendant seeks relief from a motion for summary judgment, the Court treats its motion as a motion to alter or amend the summary judgment pursuant to Rule 59(e) rather than a motion for new trial as such. *See Patin v. Allied Signal, Inc.,* 77 F.3d 782, 784, n. 1 (5th Cir.1996) (considering motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment). Rule 59(e) affords the Court significant discretion when deciding whether to alter or amend its judgment. *Id.* at 174. While Rule 59(e) does not set forth any specific grounds for relief, courts have generally considered four

factors: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 at *2 (E.D.La. Feb.3, 1998).

The Court finds that defendant has failed to raise any ground upon which its motion should be granted. Moreover, the Court's ruling was based on its consideration of the record of this matter as well as the applicable law. Accordingly,

IT IS ORDERED that Maxum Services, Inc.'s Motion for Reconsideration and/or Motion For Relief From Order [Rec. Doc. 113] is DENIED.

Thus done and signed this 5th day of August, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge