# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Roy Thibodeaux                                        Civil Action No. 03-1883

versus                                                Judge Tucker L. Melançon

Vamos Oil & Gas Co., et al                            Magistrate Judge C. Michael Hill

## MEMORANDUM RULING AND JUDGMENT

Before the Court is an unopposed[1] Motion for Summary Judgment filed by defendant Vamos Oil & Gas Company ("Vamos"). [Rec. Doc. 124]. The fact that Vamos' motion was unopposed does not necessarily mean Vamos should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). The parties failure to file an opposition and statement of contested material facts requires the Court to deem Vamos' statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

---

[1] Pursuant to L.R. 7.5W, the deadline for filing any opposition to Vamos' motion was October 14, 2005.

This matter arises out of plaintiff's alleged accident on May 23, 2003 which occurred on the drilling Barge FREEDOM during his employment with DPR International LLC, d/b/a Axxis Drilling, Vamos' independent contractor. At the time of the alleged accident Axxis was providing the drilling Barge FREEDOM to drill Price #1 well located in the navigable waters of the Gulf of Mexico, Coquille Bay, Plaquemines Parish, Louisiana, and owned by its customer, Vamos, pursuant to a Daywork Drilling Contract entered into between Axxis and Vamos. The Vamos-Axxis Daywork Drilling Contract states:

> Operator [Vamos] engages Contractor [Axxis] as an Independent Contractor to drill the hereinafter designated well or wells in search of oil or gas on a daywork basis.

April 7, 2003 Vamos-Axxis Daywork Drilling Contract.

At the time of plaintiff's alleged accident, Lewis Smith and John Foreman were the Vamos company men aboard the Barge FREEDOM. It is undisputed that neither Smith nor Foreman had any actual or implied control over or responsibility for the details of the drilling work or rig operations, but merely inspected the progress.

In its motion for summary judgment, Vamos submits that because it did not exercise the type or degree of operational control over Axxis' drilling operations legally sufficient to create a duty on the part of Vamos to discover or to remedy any alleged hazards created by Axxis it has no liability in this matter. "An employer

(such as [Vamos]) generally has no duty to ensure that an independent contractor performs its obligations in a safe manner." *Ellison v. Conoco*, Inc., 950 F.2d 1196, 1207 (5th Cir. 1992). An employer may be liable only where it retains control over the 'operative details' of the independent contractor's work or where it expressly or impliedly authorized the performance of the work in a particular manner which rendered the work unsafe. *Id.* The mere right of the principal to order the work stopped or resumed, or to make inspections, is insufficient to show operational control. *Id.* Additionally, reservation of the right to monitor contractor safety does not give rise to operational control so as to make the principal liable for the contractor's actions. *Orr v. United* States, 486 F.2d 270, 275 (5th Cir. 1973); Smith *v. Zellerbach*, 486 So.2d 798, 802 (La.App. 1st Cir. 1986).

Based on the record before the Court, there is no evidence that Vamos had any control over the details of Axxis' operations on the drilling barge in question. Additionally, there is no evidence indicating that Vamos expressly or impliedly authorized any of Axxis' practices. In summary, the evidence fails to demonstrate that Vamos had any operational control whatsoever over the subcontractors' work.

Federal Rule of Civil Procedure 56(c) provides that summary judgement is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, as the undisputed facts in this case demonstrate that Vamos was under no duty to and was not liable for Axxis,

IT IS ORDERED that the Motion for Summary Judgment filed by defendant Vamos Oil & Gas Company [Rec. Doc. 124] is granted and plaintiff's claims against Vamos are dismissed with prejudice.

Thus done and signed this 10th day of November, 2005 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

---