UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Roy Thibodeaux                         Civil Action No. 03-1883

versus                                 Judge Tucker L. Melançon

Vamos Oil & Gas Co., et al             Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by defendant DPR International LLC, d/b/a Axxis Drilling ("Axxis") against plaintiff, Roy Thibodeaux [Rec. Doc. 232], and plaintiff's opposition to Axxis' motion [Rec. Doc. 244]. For the reasons that follow, Axxis' motion for summary judgment will be denied.

### *I. Background*

This matter arises out of plaintiff, Roy Thibodeaux's, alleged accident on May 22, 2003 while he was working on the D/B FREEDOM, a drilling barge owned and operated by Axxis. Axxis entered into an agreement with Maxum Services, Inc. ("Maxum") whereby Maxum agreed to provide personnel to Axxis to perform certain offshore operations. At the time of the alleged accident plaintiff had been provided by Maxum to work as a roustabout aboard the D/B FREEDOM located in the navigable waters of the Gulf of Mexico, Coquille Bay, Plaquemines Parish, Louisiana.

Plaintiff filed this action against Axxis on October 9, 2003, *R. 1*, under the

Jones Act and general Maritime law. On December 7, 2007, plaintiff filed a Third Supplemental and Amending Complaint stipulating that he was not a Jones Act seaman at the time of his injury and alleging that he was a longshoreman under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. 901, *et seq. R. 217.* Plaintiff further alleged that Axxis is liable for his injuries as the owner and operator of the D/B FREEDOM, and he is entitled to recover from Maxum as his LHWCA employer. *Id.*

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this

2

burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita*

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### *III. Analysis*

In its motion for summary judgment, Axxis contends that there exists no evidence sufficient to support a claim against Axxis for vessel negligence under 33 U.S.C. § 905(b) and, as there are no material issues of fact in dispute, Axxis' motion should be granted and plaintiff's claims against it dismissed.   Section 905 (b) of the LHWCA provides in pertinent part:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or any otherwise entitled to recover damages by reason thereof, may bring an action against such vessel . . . the liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred.

"Vessel negligence" is not defined by statute, but rather has been defined by the courts. *Helaire v. Mobil Oil Company*, 709 F.2d 1031, 1034 (5th Cir. 1983). In *Scindia Steam Navigation Company, Limited v. DeLos Santos*, 451 U.S. 156, 170 (1981), the Supreme Court outlined the three basic duties of a vessel owner to a longshoreman: (1) the vessel owner must "turn over" the area of the vessel in which the longshoreman is expected to work in a reasonably safe condition, notifying the longshoreman of any hidden or latent defects; (2) the vessel owner has a duty to avoid exposing the longshoreman to hazards which may exist in areas of the vessel that

4

remain under the vessel owner's "active control"; and (3) the vessel owner has a duty to intervene to protect the longshoreman if the vessel owner has actual notice that a hazard or defective condition exists which would pose a danger to the longshoreman and believes that the longshoreman or longshoreman's employer cannot be relied upon to remedy the situation. *Id.*

Axxis contends that, as the vessel owner, it complied with the three duties owed to a longshoreman, such as the plaintiff in this case, as set out above in *Scindia*. In particular, Axxis maintains that it "turn[ed] over the area of the rig to the Maxum employees in a reasonably safe condition and provid[ed] the Maxum employees with the necessary tools to perform their duties. Further, the oil based mud in which the plaintiff claims to have slipped and fallen was an open and obvious condition, for which Axxis cannot be held liable." R. 232. Finally, Axxis contends that, "as the vessel owner, it is entitled by law and contract to rely upon the expertise of the plaintiff longshoreman and his employer, Maxum, [as] Axxis could not have anticipated that this ordinary roustabout duty posed plaintiff any unreasonable risk of harm." R. 232.

Plaintiff argues that there are genuine issues of material fact under the facts and circumstances of this case. While plaintiff concedes that neither Axxis' turn over duty nor its duty to intervene are at issue here, he argues that Axxis "clearly retained

active control over the entire drill barge and drilling operation," and therefore, it owed plaintiff a duty to remedy hazards and provide plaintiff with a reasonably safe place to work. In support of his position, plaintiff cites *Turner v. Coastline Cargo Service, Inc.*, 744 F.2d 505 (5th Cir. 1984) (because a longshoreman is required to work in a particular area does not transform that area into a location turned over to him) and *Masinter v. Tenneco Oil co.*, 867 F.2d 892 (5th Cir. 1989) (the fact that a hazard within an area under the vessel's active control may be open and obvious is not an absolute defense to the vessel owner's active control duty).

Plaintiff maintains that Thibodeaux was "a simplistic untrained roustabout provided to Axxis by a personnel service. Axxis, in its capacity as vessel owner, supervised plaintiff's work activities, provided him with safety instructions, assigned him his vessel chores, told him how to do his assigned tasks and told him what equipment to use." Based on the facts in the record, plaintiff argues, Axxis breached its active control duty to insure that the vessel was free of unreasonable danger before it assigned plaintiff his job duties.

As cited in plaintiff's memorandum in opposition, the record reveals that plaintiff was employed as a roustabout by Maxum, a personnel supply firm. *Plaintiff's 10/07/04 Depo., p. 48, ln. 6-19.* His only other offshore experience was as a galley hand for Universal Catering Services for approximately 18 months. *Id. at*

6

*p. 46, ln. 4- p. 47, ln. 12.* Plaintiff informed Maxum that he had no drilling experience and no roustabout experience when he was hired. *Id. at p. 57, ln. 9 - p. 59, ln15; p. 66, ln. 22-25; p. 67, ln. 6-9.* Plaintiff has an I.Q. of 62 and functions in the mild mental retarded cognitive range. *12/06/96 Psychological Evaluation by Mark Fruge, Ph. D.* Plaintiff and a Maxum co-employee, Roy Quiel, were sent to Axxis to work as temporary roustabouts aboard the D/B FREEDOM. *Plaintiff's 10/07/04 Depo., p. 73, ln. 19-25; p. 74, ln. 1-5; p. 106, ln. 6-24.*

Plaintiff's supervisors aboard the D/B FREEDOM were the rig manager, David Domingue, and the company man, Lester Guilbeau, both Axxis employees and vessel crew members. *Id. at p. 79, ln. 16- p. 82, ln. 7;p. 111, ln. 2 - 9; Depo. of Guilbeau, p. 8, ln. 7 - p. 9, ln. 3.* The Axxis supervisors assigned plaintiff and Quiel their job duties and told them how to perform their rig cleaning chores. *Plaintiff's 10/07/04 Depo., p. 96, ln. 2 - p. 97 ln. 1; Depo. of Guilbeau, p. 23, ln. 5 - p. 24, ln. 9; p. 24, ln. 20 - 24.* Plaintiff and Quiel were assigned the task of cleaning water and oil-based drill mud from the main deck. *Id. at p. 102, ln. 4 - p. 103, ln. 16.* The Axxis supervisory personnel provided them with a squeegee and instructions on its use. *Id. p. 103, ln. 17 - 104, ln. 15.* Plaintiff had never cleaned oil-based drill mud or used a squeegee before. *Id. at p. 103, ln. 22-24; p. 104, ln. 5-7.* Approximately 6 hours into their 12 hour tour, Quiel was called away by an Axxis supervisor in order to work on

7

another part of the rig. *Id. p. 106, ln. 5 - 10; p. 112, ln. 5 - p. 114, ln. 6.* After plaintiff was left alone, he was injured when he slipped in the mud and water he was cleaning. *Id. at p. 115, ln. 20 - p. 116, ln. 8.*

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). The parties each submit different versions of the relevant facts related to the circumstances surrounding plaintiff's accident on Axxis' drilling barge. A case in such a posture is not properly disposed of by summary judgment. Axxis' motion will thus be denied.

8