## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS  DIVISION

Roy Thibodeaux                                    Civil Action No. 03-1883

versus                                              Judge Tucker L. Melançon

Vamos Oil & Gas Co., et al            Magistrate Judge C. Michael Hill

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by defendant  DPR International LLC, d/b/a Axxis Drilling ("Axxis") against Liberty Mutual Insurance Company ("Liberty Mutual") [Rec. Doc. 231].  Liberty Mutual filed an opposition to Axxis' motion [Rec. Doc. 247].

Also before the Court is a Motion for Summary Judgment filed by Liberty Mutual which consists of a cross motion against Axxis as well as a motion to dismiss plaintiff, Roy Thibodeaux's, claims [Rec. Doc. 233].  Axxis filed an opposition to Liberty Mutual's cross motion [Rec. Doc. 251] and Thibodeaux filed an opposition to Liberty Mutual's motion to dismiss his claims [Rec. Doc. 246].

For the reasons that follow, Axxis and Liberty Mutual's cross motions for summary judgment will be denied and Liberty Mutual's motion for summary judgment against the plaintiff will be denied.

### I.  Background

This matter arises out of plaintiff, Roy Thibodeaux's, alleged accident on May

22, 2003 while he was employed as a roustabout, on the D/B FREEDOM, a drilling barge owned and operated by Axxis.  Axxis entered into an agreement with Maxum Services, Inc. ("Maxum"), whereby Maxum agreed to provide personnel to Axxis to perform certain offshore operations.  At the time of the alleged accident plaintiff had been provided by Maxum to work aboard the D/B FREEDOM in order to drill Price #1 well, owned by  Vamos Oil & Gas Company ("Vamos"), located in the navigable waters of the Gulf of Mexico, Coquille Bay, Plaquemines Parish, Louisiana.

Plaintiff filed this action against Vamos and Axxis on October 9, 2003 under the Jones Act and general Maritime law.  *R. 1*.  On June 9, 2004, Axxis filed a Third-Party Complaint against Maxum, alleging that plaintiff was employed by Maxum at the time of his injuries under an agreement with Axxis whereby Maxum agreed to provide personnel to Axxis to perform certain offshore operations.  On February 2, 2005, Axxis filed a Motion for Summary Judgment, seeking an order to enforce Maxum's duty to defend and indemnify Axxis and its customer, Vamos, pursuant to the terms and provisions of the Master Service Agreement between Axxis and Maxum.  The Court granted the motion on July 14, 2005.

Plaintiff filed a First Supplemental and Amending Complaint on February 22, 2005, adding as defendants Maxum, Liberty Mutual Insurance Company ("Liberty Mutual") and Realm National Insurance Company ("Realm"), and alleging that

2

Liberty Mutual and Realm provided coverage to Axxis and Maxum for plaintiff's claims.  Plaintiff filed a Second Supplemental and Amending Complaint on June 29, 2005, adding North American Capacity Insurance Company ("North American") as a defendant for alleged insurance coverage to Axxis.

On April 6, 2006, Axxis filed a Cross-Claim against Liberty Mutual seeking full defense and indemnity from Liberty Mutual of all of plaintiff's claims pursuant to the excess commercial general liability policy, No. EBI-641-005124-014, issued to Axxis ("the Policy").  Axxis alleged that the Policy covers the policy period of February 20, 2003 to June 15, 2004, with policy limits of $1,000,000 and a self-insured retention of $100,000.

On December 7, 2007, plaintiff filed a Third Supplemental and Amending Complaint stipulating that he was not a Jones Act seaman at the time of his injury and alleging that he was a longshoreman under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. 901, *et seq.*  Plaintiff further alleged that Axxis  is liable for his injuries as the owner and operator of the D/B FREEDOM, and he is entitled to recover from Maxum as his LHWCA employer.

## *II.  Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56;  *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc).  Initially, the party moving

for summary judgment must demonstrate the absence of any genuine issues of

material fact. When a party seeking summary judgment bears the burden of proof at

trial, it must come forward with evidence which would entitle it to a directed verdict

if such evidence were uncontroverted at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

324 (1986).  As to issues which the non-moving party has the burden of proof at trial,

the moving party may satisfy this burden by demonstrating the absence of evidence

supporting the non-moving party's claim. *Id.*  If the moving party fails to carry this

burden, his motion must be denied. If he succeeds, however, the burden shifts to the

non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23.  Once

the burden shifts to the respondent, he must direct the attention of the court to

evidence in the record and set forth specific facts sufficient to establish that there is

a genuine issue of material fact requiring a trial.  *Celotex Corp.,* 477 U.S. at 324;

Fed.R.Civ.Pro. 56(e).  The responding party may not rest on mere allegations or

---

[1]  Where the nonmoving party has the burden of proof at trial, the moving party does not have to
produce evidence which would negate the existence of material facts. It meets its burden by simply
pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at
325.  To oppose the summary judgment motion successfully, the non-moving party must then be able to
establish elements essential to its case on which it will bear the burden of proof at trial. A complete
failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  Analysis

The Court will first consider Axxis and Liberty Mutual's cross motions for summary judgment and then consider Liberty Mutual's motion for summary judgment against Thibodeaux.

### A.  Axxis and Liberty Mutual's Cross Motions

In its motion for summary judgment, Axxis contends that the excess commercial general liability policy issued by Liberty Mutual to Axxis obligates Liberty Mutual to provide coverage for "bodily injury" caused by an "occurrence" within the "coverage territory" during the policy period. *Excess CGL Policy, No.*

5

*EBI-641-005124-013*.  Axxis moves the Court to find that Liberty Mutual's policy provides full and complete coverage to Axxis for all of plaintiff's claims.

The Policy states in pertinent part:

SECTION 1 - Coverage A. - Excess bodily Injury and Property Damage Liability

1.  Insuring Agreement

a.  We will pay those sums in excess of the "Self-Insured Amount" that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies....  This insurance applies only to "bodily injury" or "property damage" which occurs during the policy period.  The "bodily injury" or "property damage" must be caused by an "occurrence."  The "occurrence" must take place in the "coverage territory...."

*Policy, §1, ¶2, Exclusions,  § e, p. 2.*

Liberty Mutual does not dispute the language in the provision above.  Rather, it argues that coverage for the incident is specifically excluded by three exclusions in the Policy: (1) bodily injury to an employee of the insured, *Policy, §1,  ¶2, Exclusions,  § e, p. 2*; (2) any settlement made by the insured which exceeds the "Self-Insured Amount" without Liberty Mutual's prior written consent, *Policy, §IV, ¶2, Exclusions,  § d*; (3) any obligation of the insured under a worker's compensation, disability benefits, or unemployment compensation law, *Policy, §1, ¶2, Exclusions, § d, p. 2.*

6

The parties do not dispute that Louisiana law applies to the determination of coverage under Liberty Mutual's policy. "With respect to coverage, the insured bears the burden of proving that the incident giving rise to a claim falls within the policy's terms.  However, 'the insurer bears the burden of proving the applicability of an exclusionary clause within the policy.'  Exclusionary provisions must be read together with the entire policy, and are construed strictly against the insurer and in favor of coverage.  Any ambiguities within an exclusionary provision or the policy as a whole must be construed against the insurer and in favor of coverage.  To this end, ambiguities within an insurance policy will 'be resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered.'  This rule, known as the 'reasonable expectations doctrine,' requires that a court construe an ambiguous insurance policy 'to fulfill the reasonable expectations of the parties in the light of the customs and usages of the industry.'  Courts employing this rule may extend coverage to meet the reasonable expectations of the insured, even though a close examination of the policy reveals that such expectations are in conflict with the expressed intent of the insurer.  However, when the 'language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation.'" *Coleman v. School Bd. of Richland Parish*, 418 F.3d 511, 518 (5th Cir. 2005)(internal citations omitted).

7

*1.  Bodily Injury Exclusion*

Liberty Mutual's Policy provides the following exclusion:

2. Exclusions

this insurance does not apply to ...

e. "Bodily injury" to:

(1) An employee of the insured arising out of and in the course of employment by the insured; or
(2) the spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

This exclusion applies:

(1)     whether the insured may be liable as an employer or in any
        other capacity;....

*Policy, §1, ¶2, Exclusions,  § e, p. 2.*

Liberty Mutual asserts that Axxis has judicially admitted that Thibodeaux was its employee in its Amended Answer to Plaintiff's First and Second Supplemental and Amending Complaints and has re-averred all of its defenses and answers in its Answer to Plaintiff's Third Supplemental and Amending Complaint.[2]  *R. 185, 230.* Thus, because plaintiff was an employee of Axxis, at the time of his alleged injuries, the above cited exclusion excludes coverage for plaintiff's claims.

---

[2]  In his Amended Answer, Axxis states that the allegations in plaintiff's Complaints are admitted insofar as plaintiff was an employee of Axxis acting in the course of his employment...." *R. 185.*

Axxis argues that because, in his Third Supplemental and Amending Complaint, plaintiff alleges that Axxis is liable for his injuries as the owner and operator of the D/B FREEDOM and he is entitled to recover from Maxum as his LHWCA employer, Maxum, rather than Axxis, was plaintiff's employer at the time of the alleged accident.  *R. 217.*

The parties have each submitted different versions of whether Thibodeaux was an "employee" of Axxis or Maxum.   The parties do not cite a definition of "employee" under the Policy nor does Section VII - Definitions of the Policy, provide any such definition.  Based on the record before the Court, a genuine issue of material fact exists as to whether Axxis was the employer of Thibodeaux, either actual or nominal.  A case in such a posture is not properly disposed of by summary judgment. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party.  *Ladue v. Chevron, U.S.A., Inc.,* 920 F.2d 272  (5th Cir. 1991).  Accordingly, the cross motions for summary judgment as to coverage for plaintiff's claims will be denied.

## 2. Settlement Exclusion

Liberty Mutual also asserts that the provision excluding any settlement made by the insured voids all coverage under Liberty Mutual's policy because Axxis entered into a settlement agreement with plaintiff with respect to maintenance and cure payments.  The exclusion provides in pertinent part:

> The insured will not except at the insured's cost, make or accept any settlement for damages which exceed the 'Self-Insured Amount' without our prior written consent.  The insured will not make any agreement or settlement for all or part of the 'Self-Insured Amount' which relieves or attempts to relieve the insured of further liability but expressly or impliedly reserves a right of action by any third party claimant against us....
> *Policy, §IV, ¶2, Exclusions, § d*

Liberty Mutual does not dispute that the Self-Insured Amount in this case is $100,000.  Nor does Liberty Mutual dispute Axxis' representation that its payments to plaintiff for maintenance and cure have not exceeded the Self-Insured Amount.  In making maintenance and cure payments to plaintiff, Axxis represents that it did not enter into a settlement with plaintiff for all or part of the "Self-Insured Amount."

It is axiomatic that Axxis' duty to pay maintenance and cure does not constitute a "settlement" with plaintiff which triggers the exclusionary provisions of the Policy.  Rather, Axxis paid maintenance and cure payments pursuant to its obligation under general maritime law based on plaintiff's allegations in its Original Complaint that

10

he was employed by Axxis as a Jones Act seaman.  Based on those allegations, Axxis

had a duty as the alleged Jones Act employer of plaintiff to timely pay maintenance

and cure until plaintiff reached maximum medical recovery pursuant to general

maritime law.   *Brister v. A.W.I., Inc.*, 946 F.2d 350, 360 (5th Cir.1991)(a seaman's

right to maintenance and cure is implied in the employment contract between the

seaman and shipowner. It in no sense is predicated on the fault or negligence of the

shipowner.  Thus, an owner of a vessel is almost automatically liable for maintenance

and cure.).  Accordingly, the Policy's settlement exclusion does not exclude coverage

based on Axxis'  maintenance and cure payments.

### 3. Worker's Compensation Exclusion

Liberty Mutual's policy contains an exclusion that provides:

This insurance does not apply to:

d.      Any  obligation  of  the  insured  under  a  workers
        compensation,  disability  benefits  or  unemployment
        compensation law or any similar.
*The Policy, § 1, ¶ 2, § d, p.2.*

Liberty Mutual argues that the above exclusion excludes coverage for plaintiff's

claims  for  disability  or  compensation  benefits,  including  plaintiff's  claims  for

LHWCA benefits.   Axxis alleges, however, that these benefits are owed by Maxum

rather than Axxis, and are therefore not relevant to Liberty Mutual's motion. The

11

record does not support nor has Liberty Mutual made any argument that Axxis is liable for plaintiff's LHWCA benefits, this exclusion cannot not apply.

### B.  Liberty Mutual's  Motion for Summary Judgment Against the Plaintiff

Liberty Mutual asserts in its motion for summary judgment that the statute of limitations has run on plaintiff's claim as well as his minor children's claims under 33 U.S.C. § 905(b), because plaintiff amended his Complaint to add these claims over three years after the date of the incident.  Liberty Mutual further asserts that the plaintiff's claims of negligence under 905(b) violates the doctrine of laches because it places an undue inequity on all the parties based upon change in the condition or relations of the parties.  Liberty Mutual contends that plaintiff had ample opportunity to add a claim for negligence under 905(b) before he did so on December 6, 2007, more than four years after the date of the accident, and therefore, plaintiff has no justifiable excuse for the inordinate delay.

### I.  Whether the 905(b) Claim Relates Back to the Complaint

Plaintiff argues that his Third Supplemental and Amended Complaint relates back to the filing of ths original Complaint under the language of Federal Rule of Civil Procedure 15(c)(1)(B).  Rule 15(c) states that an amendment relates back to the date of the original filing if the amended pleading arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original

pleading...."  In particular, Rule 15(c)(1)(B) states:

> (c) Relation Back of Amendments.
>
> • • •
>
> (1) ***When an Amendment Relates Back.***  An amendment to a pleading relates back to the date of the original pleading when:
>
> • • •
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out -- in the original pleading **. . . .**

"'[I]f a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint, then relation back is allowed.'  *F.D.I.C. v. Conner*, 20 F.3d 1376, 1386 (5th Cir.1994).  'Notice is the critical element involved in Rule 15(c) determinations.'  *Williams v. United States*, 405 F.2d 234, 236 (5th Cir.1968)."  *Flores v. Cameron County, Tex.*,  92 F.3d 258, 273 (5th Cir. 1996).

Plaintiff filed his Third Supplemental and Amended Complaint For Damages on December 7, 2007.  *R. 217.*  The amended complaint sets forth a claim under 905(b) that arose out of the same conduct and occurrence set forth in the original Complaint which was filed within five months of the alleged accident.  *R. 1.*

Plaintiff further asserts that Liberty Mutual knew or should have known that

he had a 905(b) claim and that, as he has two children, they have a right to recovery under 905(b) as well. The record indicates that plaintiff testified in his October 7, 2004 deposition that he had two children. *R. 246.* Axxis admitted that plaintiff was its employee in its Amended Answer to Plaintiff's First and Second Supplemental and Amending Complaints. *R. 185, 230.* On May 10, 2006, Axxis filed a motion for summary judgment contending that plaintiff was not a Jones Act seaman. *R. 156.* On December 6, 2007, plaintiff amended his Complaint striking any reference to the Jones Act and stipulating that he is not a Jones Act seaman, but, rather, is a maritime employee under the LHWCA, and more particularly section 905(b). *R. 217.*

Based on the record before it, the Court finds that Liberty Mutual had adequate notice that plaintiff could allege a 905(b) claim, and therefore, under Rule 15(c) plaintiff's Third Supplemental and Amended Complaint For Damages relates back to his original Complaint.

### *ii. Latches*

Liberty Mutual also contends that because plaintiff did not assert his negligence claim against Axxis under section 905(b) within the three (3) year statute of limitation for maritime tort claims, the doctrine of laches applies to this action in that plaintiff's claims under section 905(b) "places an undue inequity to all the parties."

46 U.S.C. § 30106, formerly cited as 46 App. U.S.C. § 763a, states as follows:

Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose.

In determining whether laches bars a claim brought after the analogous statutory of limitations period, such as section 30106, the Fifth Circuit has consistently found that the plaintiff bears the burden of showing excusable delay or lack of prejudice to the defendant. *Barrois v. Nelda Faye, Inc*., 597 F.2d 881, 884 (5th Cir. 1978). "'The equitable doctrine of laches has immemorially been applied to admiralty claims to determine whether they have been timely filed. Determining whether laches applies is generally left to the discretion of the trial court, whose decision will not be overturned absent an abuse of discretion. The questions to be answered in the exercise of the district court's discretion are whether there existed satisfactory excuse for the delay in bringing the cause of action and whether allowing the action to go forward despite the delay would unfairly prejudice the defendant.'" *Fanos v. Maersk Line, Ltd.,* 246 F.Supp.2d 676, S.D.Tex.,2003 (quoting *DeSilvio v. Prudential Lines, Inc*., 701 F.2d 13, 15 (2d Cir.1983)); *see also Costello v. United States*, 365 U.S. 265, 282, (1961) ("Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.").

A review of the record of this proceeding clearly reveals this case has been

fraught with circumstances which have resulted in a delay in bringing the matter to trial.  The record indicates that this case was administratively terminated on May 20, 2005 due to plaintiff's surgery.  Shortly thereafter, on September 7, 2005, the Court ordered that this matter was suspended due to the effects of Hurricane Katrina.  On May 8, 2006, the Court opened the case "for the limited purpose of considering plaintiff's motion for expedited hearing for medical benefits" and to hear Axxis' motion for summary judgment as to Jones Act seaman status.   *R. 153, 155*.  The Court reopened the case and accepted the parties' Joint Plan of Work on September 26, 2007.  *R. 214.*  On December 7, 2007, plaintiff amended his Complaint to add a 905(b) action for himself and his two children.[3]  *R. 217.*  During the period before plaintiff filed its claim under section 905(b), Liberty Mutual, as the insurer of Axxis, had been a party since February, 2005, had received all discovery and deposition notices and had been afforded full opportunity to participate in litigation, particularly the issue of whether plaintiff's status was that of a Jones Act seaman or a longshoreman under the LHWCA.

Based on the record and circumstances surrounding this matter, the Court finds that as plaintiff has promptly pursued his rights, there has been no lack of diligence

---

[3]  Plaintiff represents that the depositions of Axxis' personnel, Lester Guilbeau and Cindy Lynch, on October 18, 2007 provided the testimony to allow plaintiff to amend his Complaint. *R. 246.*

on his part, and Liberty Mutual has no basis to claim prejudice related to the issue at bar.

### IV.  Conclusion

For the reasons in the foregoing analysis, the Court will deny Axxis' motion for summary judgment and Liberty Mutual's cross motion for summary judgment as there exist genuine issues of material fact on the issue of whether plaintiff is the "employee" of Axxis.  The Court will deny Liberty Mutual's motion for summary against plaintiff in that the statute of limitations has not run on plaintiff's section 905(b) action and plaintiff has not violated the doctrine of latches.